**Joe A. POWELL, Appellant,**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services, Appellee.**

**No. 84–1071.**

United States Court of Appeals, Eighth Circuit.

Submitted June 26, 1984.

Decided Aug. 23, 1984.

**222**

Robert G. Ulrich, U.S. Atty., Frederick O. Griffin, Jr., Asst. U.S. Atty., Kansas City, Mo., for appellee.

Kenneth A. Wagoner, Moore, Brill & Wagoner, P.C., West Plains, Mo., for appellant.

Before ROSS, McMILLIAN and FAGG, Circuit Judges.

PER CURIAM.

Joe A. Powell appeals from a judgment of the district court[1] affirming a decision of the Secretary of Health and Human Services (Secretary) that he was not disabled on or before September 30, 1980, the date he last met his insured status for disability insurance benefits. For reversal appellant argues that the Secretary erred in discounting his allegations of disabling pain and that judicial review is impossible because of an incomplete administrative transcript. We affirm.

Appellant was born in 1932 and has an eighth grade education. Prior to 1957, appellant worked as a heavy equipment operator. In 1957, he suffered a work-related injury to his legs, which resulted in multiple surgeries and infections. In 1958 appellant returned to work as an equipment operator but left in 1968 because of his medical condition. From 1968 until 1974 appellant worked as an attendant at a full-service gasoline station. Appellant alleges that he was unable to work in September 1978 primarily because of back and leg pain and leg swelling.

Appellant first argues that the ALJ erred in discounting his allegations of disabling pain. An assessment of a claimant's credibility concerning the severity of pain is in the first instance for the ALJ and this court cannot substitute its judgment for that of the trier of fact. *Andrews v. Schweiker,* 680 F.2d 559, 561 (8th Cir.1982). Furthermore, the Secretary's findings must be affirmed if they are supported by substantial evidence. *Nettles v. Schweiker,* 714 F.2d 833, 835 n. 5 (8th Cir.1983). Substantial evidence is " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion,' taking into account whatever in the record fairly detracts from its weight." *Id.* (citation omitted).

It is well established in this circuit that an ALJ may not reject subjective testimony solely because the medical evidence does not fully support the subjective allegations. *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir.1984) (order). In addition, if an ALJ rejects an appellant's allegation of disabling pain, the ALJ must do so for a legally sufficient reason and the rejection "cannot be a guise for circumventing the rule that objective evidence is not needed to support subjective evidence of pain." *Tome v. Schweiker,* 724 F.2d 711, 713 (8th Cir.1984). In this case, the ALJ did not discredit appellant's allegation solely because of a lack of objective evidence but rather considered the totality of the evidence. *See Polaski v. Heckler, supra* (factors an ALJ must consider in evaluating pain).

In assessing appellant's allegations of pain, the ALJ considered that the physicians who examined appellant prior to the expiration of his insured status did not place any restrictions on his ability to per-

---

1. The Honorable Russell G. Clark, Chief United States District Judge for the Western District of Missouri.

form sedentary work, that the objective evidence did not demonstrate any severe abnormality, that lay affidavits did not indicate appellant could not perform sedentary work, and that during the relevant time period appellant cared for his house and children, drove an automobile, and was able to chop wood. In addition, the ALJ noted that even if appellant could not sit for prolonged periods of time, a vocational expert testified that appellant could work as a self-service station attendant, a job which would allow alternate sitting and standing. After carefully examining the record, we conclude that the ALJ's finding that appellant's pain is not disabling is supported by substantial evidence.

Appellant also argues that judicial review is impossible because portions of the vocational testimony were inaudible. We disagree. As noted by the district court, a reading of the transcript clearly reveals the basis of the expert's opinion. Therefore, a remand is unwarranted on this ground. *See Marshall v. Schweiker*, 688 F.2d 55, 56 & n. 2 (8th Cir.1982) (per curiam).

Accordingly, the judgment of the district court is affirmed.