Hazel M. SYKES, Appellant,

v.

Otis R. BOWEN, M.D., Secretary of Health and Human Services, Appellee.

No. 87–2262EA.

United States Court of Appeals, Eighth Circuit.

Submitted April 14, 1988.

Decided June 9, 1988.

285

Alan J. Nussbaum, Little Rock, Ark., for appellant.

Deborah E. Mack–Iacangelo, Baltimore, Md., for appellee.

Before McMILLIAN, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and HANSON,* Senior District Judge.

PER CURIAM.

Hazel M. Sykes appeals an order of the district court[1] granting the Secretary's motion for summary judgment. Sykes argues that the district court erred in granting the Secretary's motion and that the Secretary's decision denying her claim for social security disability benefits was not based on substantial evidence. We disagree and for the following reasons affirm the decision of the district court.

## I. BACKGROUND

Sykes filed her application for social security disability benefits on June 22, 1983, alleging that she has been unable to work since January 1, 1983, "due to arthritis of the spine, coronary heart disease, a 'frozen' left shoulder and a hiatal hernia."

Sykes's initial application was denied and was again denied on reconsideration. Sykes then requested a hearing before an Administrative Law Judge (ALJ) and after a hearing, during which Sykes was repre-

sented by counsel, the ALJ determined that Sykes was not disabled within the meaning of the Social Security Act. The ALJ's decision was affirmed by the Appeals Council and Sykes sought judicial review in federal court. The United States District Court for the Eastern District of Arkansas remanded the case for a reevaluation of the credibility of Sykes's subjective complaints of pain. A supplemental hearing before an ALJ was held and again the ALJ concluded that Sykes was not disabled. At the second hearing Sykes was represented by counsel and she introduced the testimony of two witnesses. The ALJ's decision was again adopted by the Appeals Council. Sykes again pursued judicial review in federal court and the district court granted the Secretary's motion for summary judgment. This appeal followed.

## II. DISCUSSION

For reversal Sykes raises three arguments. First, she argues that the decision of the district court is not based on substantial evidence in the record taken as a whole. Second, Sykes argues that the ALJ failed to conduct a full and fair hearing and, third, she complains that the ALJ who initially decided her case reassigned himself to her case on remand contrary to Section 3105 of the Administrative Procedure Act which requires ALJ's to be assigned in rotation.

### A. Substantial Evidence

It is well-settled law that judicial review of the Secretary's decision to deny a claim for benefits is limited to a determination of whether the Secretary's decision is supported by substantial evidence in the record. *Driggins v. Bowen*, 791 F.2d 121, 124 (8th Cir.1986). It is not the proper role of this court to reweigh the evidence, and even if this court would have decided the case differently, we cannot reverse the Secretary's decision if it is based on substantial evidence.

---

* The HONORABLE WILLIAM C. HANSON, Senior United States District Judge for the Southern District of Iowa, sitting by designation.

1. The Honorable G. Thomas Eisele, Chief United States District Judge for the Eastern District of Arkansas.

In order to establish her entitlement to disability insurance benefits Sykes bears the burden of establishing a physical or mental impairment which has lasted more than twelve months and which prevents her from engaging in any substantial gainful activity. 42 U.S.C. § 423(d)(1)(A). In addition, Sykes must establish that she became disabled on or before the expiration of her insured status under the Social Security Act. 42 U.S.C. §§ 416(i)(3) and 423(c); *Pryor v. Heckler*, 737 F.2d 1488 (8th Cir. 1984). Sykes's insured status expired on September 30, 1983, therefore she must establish that she became disabled on or before this date.

▪ Because events that occurred after September 30, 1983 are not relevant to our inquiry in the present case, we will not concern ourselves with the medical and other evidence in the record that addresses physical or mental impairments which came about after September 30th. In order to establish her disability claim the initial burden of proof is on Sykes to show that she is unable to perform her past relevant work. If this burden is met then the burden shifts to the Secretary to show the existence of other jobs in the national economy that the claimant is capable of performing. *McCoy v. Schweiker*, 683 F.2d 1138, 1147 (8th Cir. 1982) (*en banc*).

The record developed at the supplemental administrative hearing held on August 26, 1986 shows that Sykes is a sixty year old woman with an eleventh grade education and prior work experience as an electronics assembly line worker, factory machine operator, waitress, and cook.

▪ Evidence presented at the hearing suggests that Sykes may suffer from various medical conditions. However, Sykes testified that she can lift five pounds, sit for up to forty-five minutes, stand for thirty minutes and walk for one and one-half hours. She drives a car, does her own shopping, prepares meals, does housework, attends church, and visits with friends. Her testimony was corroborated by the testimony of her husband and a longtime neighbor.

▪ Based on this evidence the ALJ concluded that Sykes failed to sustain her burden of proving that she was unable to return to her past employment. *See Conley v. Bowen*, 781 F.2d 143, 146 (8th Cir. 1986) (per curiam). We believe that this conclusion is correct and based on substantial evidence in the record. By her own testimony Sykes has established that her daily activities are basically unrestricted by her claimed impairments. The disability determination is a medical assessment, however, the Secretary may rely upon the claimant's own statements of his or her limitations in evaluating the claimant's disability status. 20 C.F.R. § 404.1545(a) (1987).

The ALJ found that none of Sykes's alleged impairments would prevent her from returning to her previous employment as an electronics assembly line worker. The ALJ recognized that although Sykes suffered from several impairments prior to the expiration of her insured status, she retained the residual functional capacity to engage in sedentary work activity which was all that was required in the performance of her past relevant work as an electronics assembly line worker. Sedentary work involves lifting no more than ten pounds at a time and occasionally lifting or carrying small articles such as docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and the other sedentary criteria are met. 20 C.F.R. § 404.1567(a) (1987). Sykes testified that her work as an electronics assembly line worker involved sitting eight hours a day, occasional walking and bending, and lifting weights up to ten pounds. Thus, although Sykes is unable to lift or carry weights in excess of ten pounds or engaging in prolonged walking or standing as a result of her impairments these restrictions do not preclude her from engaging in the full range of sedentary work activity. This conclusion is supported by the medical evidence in the record including the opinion of Sykes's treating physician who noted that

her impairments did not preclude her from working. This circuit places a great deal of significance on the opinion of a claimant's treating physician. *See Turpin v. Bowen,* 813 F.2d 165, 170 (8th Cir.1987).

The evidence in the record that conflicts with the ALJ's decision includes the testimony of Dr. Holt who examined Sykes once in August 1986; Dr. Evans who examined Sykes once in November 1986; and a vocational report by Dr. Love, dated July 15, 1986, that stated that Sykes had no skills which would enable her to work in the national or local economy. The only evidence in the record that supports Sykes's disability claim is evidence based on these examinations conducted in 1986. As noted previously, Sykes's insured status expired on September 30, 1983. Therefore, we will not consider this evidence in reviewing the ALJ's finding that Sykes was not disabled. Further, the medical evidence concerning Sykes's condition during her insured status uniformly supports the ALJ's decision.

The ALJ also reevaluated Sykes's subjective complaints of pain pursuant to the remand order and concluded that her complaints were not credible to the extent alleged. The ALJ's credibility findings must be affirmed if they are supported by substantial evidence in the record, *Underwood v. Bowen,* 807 F.2d 141, 143 (8th Cir.1986), and this court will not substitute its judgment for that of the trier of fact. *Powell v. Heckler,* 741 F.2d 221, 222 (8th Cir.1984). The ALJ properly considered Sykes's subjective complaints of pain pursuant to this court's directive in *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir.1984), and his decision is supported by substantial evidence in the record.

### B. Full and Fair Hearing

Sykes argues that the ALJ who presided over her hearing failed to fully develop the record and thus denied her a full and fair hearing on her claim. Specifically, Sykes argues that the ALJ's decision failed to resolve conflicting evidence and rejected her vocational expert's testimony without providing a statement of reasons.

In *Brissette v. Heckler,* 730 F.2d 548, 549 (8th Cir.1984), it was noted that "[t]his court has repeatedly held that '[i]t is the [ALJ's] duty to develop the record fully and fairly even if, as in this case, the claimant is represented by counsel'" (quoting *Warner v. Heckler,* 722 F.2d 428, 431 (8th Cir.1983)). We have very carefully reviewed the record and briefs in this case and we cannot agree with Sykes that the ALJ failed to fully develop the record. While it may have been useful for the ALJ to develop the record more fully regarding whether the medical evidence entered into the record was based on medical examinations made prior to the expiration of Sykes's insured status, we do not think that the record is so deficient that it prevents this court from effectively reviewing the district court's decision. In addition, we do not believe that the ALJ erred in rejecting the testimony of Sykes's vocational expert. The vocational expert's report was based on a vocational evaluation conducted in July 1986. We do not believe that it was error to disregard the vocational expert's report which is based on Sykes's condition existing almost three years after her insured status expired. This is especially true given the medical evidence in the record that suggests that Sykes's physical condition has deteriorated since the expiration of her insured status.

### C. Administrative Procedure Act § 3105

The final argument raised by Sykes asserts that she was denied a full and fair hearing because the ALJ who presided over her first hearing reassigned himself to her case on remand. Sykes argues that this violates Section 3105 of the Administrative Procedure Act (APA) which states that ALJ's "shall be assigned to cases in rotation so far as practicable * * * *" 5 U.S.C. § 3105 (1982). The Secretary argues that this issue was not raised below either at the supplemental hearing or before the district court and thus this court cannot reverse unless the error constitutes plain error. *See United States v. Ferguson,* 776 F.2d 217, 223 (8th Cir.1985), *cert. denied,*

475 U.S. 1020, 106 S.Ct. 1207, 89 L.Ed.2d 320 (1986).

We have carefully reviewed the administrative record and the decision of the district court and we agree with the Secretary that this issue has not been raised below. Therefore, limiting our review to a search for plain error, we conclude that the ALJ's decision to reassign himself to Sykes's case on remand did not constitute plain error.

Even if our review was not limited by the plain error doctrine we are not persuaded that reassigning a case on remand to the same ALJ who presided over the claimant's initial hearing would violate the APA. The APA requires ALJs to be assigned in rotation "so far as practicable." We have found no cases that suggest that under the circumstances of this case APA § 3105 has been violated.

The Supreme Court noted that the "so far as practicable" language in the statute allows assignments to be determined by more than just the mere mechanical rotation of giving the next case on the docket to the top name on the list of available examiners. *Ramspeck v. Federal Trial Examiners Conference,* 345 U.S. 128, 139, 73 S.Ct. 570, 576, 97 L.Ed. 872 (1953). Factors to be considered include the complexity of the case as well as the experience and ability of the ALJ. *AAACON Auto Transport, Inc. v. I.C.C.,* 792 F.2d 1156, 1163 (D.C.Cir.1986), *cert. denied,* — U.S. ——, 107 S.Ct. 2178, 95 L.Ed.2d 834 (1987).

Of course the assignment of ALJs cannot be made with the intent or effect of interfering with the independence of the ALJ or otherwise depriving a party of a fair hearing. *Id.*

In the instant case Sykes does not argue that the ALJ who presided over her hearings was biased or incompetent. Thus, even if we were not limited to reviewing this case for plain error, Sykes has not met her burden in challenging the assignment of the ALJ to her case on remand.

## III. CONCLUSION

Based on a thorough review of the record, we conclude that the Secretary's decision denying benefits to Sykes is supported by substantial evidence on the record as a whole. We also conclude that Sykes was given a full and fair hearing on her claim. Accordingly, we affirm the district court's order affirming the Secretary's decision.