885 F.2d 871
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William LONGPRE, Plaintiff-Appellant,
v.
SECRETARY OF H.H.S., Defendant-Appellee.
 No. 88-1839.
 United States Court of Appeals, Sixth Circuit.
 Sept. 22, 1989.
 
 Before KEITH and BOYCE F. MARTIN, Jr., Circuit Judges, and JULIA S. GIBBONS, District Judge.*
 PER CURIAM:
 
 
 1
 Plaintiff William G. Longpre ("Longpre") appeals from the district court's order granting summary judgment in favor of the Secretary. For the reasons set forth below, we AFFIRM.
 
 I.
 A.
 
 2
 Longpre filed an application for disability benefits pursuant to the Social Security Act, 42 U.S.C. Secs. 416(i), 423, alleging disability commencing September 13, 1985, due to a back condition and pain in his back, left knee and left foot. Longpre's application was denied initially and upon reconsideration by the Social Security Administration.
 
 
 3
 A hearing was held before an Administrative Law Judge ("ALJ") on February 13, 1987. On June 24, 1987, the ALJ again denied Longpre's application for disability benefits. This decision was affirmed by the Appeals Council on October 20, 1987, and became the final decision of the Secretary.
 
 
 4
 Longpre then filed suit in the United States District Court for the Eastern District of Michigan, seeking judicial review of the Secretary's decision pursuant to 42 U.S.C. Sec. 405(g). After finding substantial evidence in support of the Secretary's decision that Longpre is not disabled, the magistrate recommended, on March 24, 1988, that the Secretary's motion for summary judgment be granted. On June 7, 1988, the district court issued an order accepting the magistrate's report, and granting summary judgment in favor of the Secretary.
 
 B.
 
 5
 Longpre was born on December 3, 1950, and was thirty-six years of age at the time of the administrative hearing. He is a high school graduate and has completed three years of college. Longpre worked for General Motors Corporation where his job involved driving a golf cart to inventory equipment and check machinery. Because the required driving and walking caused pain in his back, Longpre stopped working on September 13, 1985.
 
 
 6
 At the administrative hearing, Longpre testified that due to a military service injury to his left foot, he has been required to walk with a cane and to wear a left foot brace. Longpre also explained that if he did too much standing or walking, he developed pain in his back, left foot, and left knee. To relieve the pain, Longpre stated that he often must lie down during the day and take 10 to 12 Bufferin. Longpre testified, however, that he drives, cooks, washes dishes, shops, visits friends, fishes, and tends to his personal needs.
 
 
 7
 Longpre's treating physicians submitted several reports discussing his medical impairments and ability to work. On November 23, 1983, Dr. Arthur Manoli reported that Longpre's range of motion in the lumbosacral spine was good, that his straight leg raising tests were negative, and that his back X-rays showed no significant abnormalities. Dr. Manoli authorized Longpre to return to work as long as he avoided excessive walking, prolonged standing, bending and heavy lifting. In a report dated November 13, 1984, Dr. Edward Maxim stated that although Longpre walked with a limp, he was able to walk without a cane or brace. X-rays of the lumbrosacral spine, left foot and left ankle were normal. Dr. Maxim theorized that Longpre's foot pain resulted from the military service injury, and that Longpre's inability to walk properly caused the back pain. Dr. Maxim diagnosed Longpre as having residual equinus contracture in the left ankle, muscle weakness in the left lower leg, chronic lumbrosacral strain, and a possible herniated disc in the lumbar area. Dr. Maxim recommended that Longpre walk or stand for no more than ten minutes each hour, limit the climbing of stairs, avoid pushing and pulling, and lift no more than 20 pounds at work. On July 1, 1986, Dr. Norman Brant, Longpre's treating podiatrist reported that his sensory functions were intact, that there was no evidence of muscle spasm, and that the foot brace had improved his gait. Dr. Brant concluded, on January 30, 1987, that Longpre was able to perform sedentary work which does not require extensive walking or lifting heavy weights.
 
 
 8
 The Secretary's consulting examiner, Dr. Siddharth S. Sanghvi, evaluated Longpre's physical condition on May 13, 1986. With the cane and the brace for his left foot, Longpre reported that he could walk, with only a slight limp, for 200 yards before he had to stop. Although Longpre had sensory and motor abnormalities in both legs, he enjoyed a full range of motion without any muscle spasms. Dr. Sanghvi concluded that Longpre had residual foot drop and instability of the left ankle due to a tear of the lateral ligament.
 
 
 9
 Christian Barrett, Ed.D., testified as a vocational expert at the administrative hearing. The ALJ asked Dr. Barrett to assume that Longpre had the ability to use his upper extremities; to lift 10 pounds occasionally and five pounds repetitively; to sit for eight hours with the option to stand periodically; and to walk short distances. Relying on the characteristics outlined by the ALJ, Dr. Barrett testified that Longpre remains capable of performing a number of unskilled jobs that are to be found in the national economy, including packaging, small-parts assembly, and sorter-inspector positions.
 
 
 10
 After conducting the administrative hearing, the ALJ found: first, that Longpre was not working and had not engaged in substantial gainful activity since September 13, 1985; second, that Longpre had a severe impairment consisting of longstanding residual foot drop, instability of the left ankle, and possible back strain resulting from his abnormal gait; and third, that none of Longpre's various conditions met or exceeded the Secretary's listings for medical impairments. See 20 C.F.R. Sec. 404, Subpt. P., App 1. Given Longpre's demeanor, regular daily activities, and the absence of supporting medical evidence, the ALJ did not credit Longpre's allegations that he suffered from disabling pain and needed periodic day-time bedrest. See Powell v. Heckler, 741 F.2d 221, 223 (8th Cir.1984); 42 U.S.C. Sec. 423(d)(5). Having considered the medical evidence of record, the testimony of the vocational expert, as well as Longpre's age, education, and work experience, the ALJ concluded that there are a significant number of unskilled jobs which Longpre can perform in the national economy. See 20 C.F.R. Secs. 404.1501-1599.
 
 
 11
 The Secretary concluded that Longpre is not disabled because his impairments do not deprive him of the residual functional capacity to perform sedentary work. The district court found substantial evidence to support the Secretary's decision. We agree.
 
 II.
 A.
 
 12
 Our review of the Secretary's decision is limited to determining whether there is substantial evidence in the record to support the findings. " 'Substantial evidence' means 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " Kirk v. Secretary of Health & Human Services, 667 F.2d 524, 535 (6th Cir.1981), cert. denied, 461 U.S. 957 (1983), quoting Richardson v. Perales, 402 U.S. 389, 401 (1971). In determining this question, we review the evidence in the record taken as a whole. Allen v. Califano, 613 F.2d 139, 145 (6th Cir.1980). The possibility of drawing inconsistent conclusions from the record does not prevent the Secretary's finding from being supported by substantial evidence. It is the function of the Secretary and not the courts to weigh the evidence and to resolve material conflicts in the record. Ragan v. Finch, 435 F.2d 239 (6th Cir.1970), cert. denied, 402 U.S. 986 (1971).
 
 
 13
 The Social Security Act provides disability benefits only to those individuals who are unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment ..." 42 U.S.C. Sec. 423(d)(1)(A). If, pursuant to federal regulations, the claimant has a medical condition which meets or exceeds the Secretary's listings of impairments, then the claimant can be found disabled on the medical evidence alone. If, however, the claimant has a severe, but non-listed impairment, then the Secretary must determine whether the claimant can pursue his former occupation. Claimants who can perform past relevant work are not entitled to disability benefits. If the claimant cannot perform his past relevant work, then the Secretary must consider "the claimant's residual functional capacity, that is the level of work the claimant is able to perform (sedentary, light or medium) and the claimant's vocational factors--age, education and prior work experience."[1] Kirk, 667 F.2d at 528; see 20 C.F.R. Sec. 404.1520.
 
 B.
 
 14
 On appeal, Longpre argues that he cannot perform substantial gainful activity, except under the stress of great pain, and thus, should be deemed disabled for purposes of the Social Security Act. We find Longpre's allegations that he suffers from disabling pain to be unpersuasive.
 
 
 15
 In Duncan v. Secretary of Health and Human Services, 801 F.2d 847 (6th Cir.1986), this court posited a two-part test to evaluate allegations of disabling pain. After concluding that there is objective medical evidence of an underlying medical condition, the court will then determine: first, whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or second, whether the objectively established medical condition is of such severity that it can reasonably be excepted to produce the alleged disabling pain. See id. at 853. See also McCormick v. Secretary of Health and Human Services, 861 F.2d 998, 1003 (6th Cir.1988).
 
 
 16
 In the case at bar, Longpre has met the first part of the Duncan test by presenting objective medical evidence that establishes a medical condition, including residual foot drop, instability of the left ankle, and subsequent back strain caused by an abnormal gait. Longpre cannot, however, meet the second part of the Duncan test. We agree with the Secretary's conclusion that Longpre's allegations of disabling pain are uncorroborated by his medical records and contradicted by his daily activities.
 
 
 17
 The Secretary's decision that Longpre's impairments do not prevent him from performing sedentary work is supported by substantial evidence found in Longpre's medical records. First, the medical record does not support Longpre's allegations of disabling pain in his left foot. Although Longpre complains of disabling pain, his July, 1986, medical examination revealed a full range of motion in his left ankle and unremarkable X-rays. Second, the objective medical evidence does not confirm the severity of back pain alleged by Longpre. In May, 1986, Longpre had no muscle spasms and the lumbosacral spine was reportedly in a normal condition. Longpre has never worn a back brace; pursued the option of back surgery; or visited a pain clinic. Third, Longpre's allegations of disabling pain in his left knee are unsupported by the medical evidence. In July, 1986, Longpre had a full range of motion in both knees, and his right knee was stable. Fourth, none of the physicians who treated or examined Longpre reported that he was totally disabled or unable to perform sedentary work. After examining Longpre, both Dr. Manoli and Dr. Sanghvi declined to place restrictions on his work activities. In November, 1984, Dr. Maxim stated that Longpre was able to walk or stand for five to ten minutes each hour; to climb stairs; and to lift 20 pounds occasionally. In January, 1987, Dr. Brant placed no restrictions on Longpre's ability to sit or to use his arms in a sitting position. Thus, the Secretary properly ignored Longpre's unsubstantiated allegations of severe impairments and correctly concluded that Longpre has the residual functional capacity to perform sedentary work.
 
 
 18
 The Secretary's decision that Longpre is not disabled finds substantial support in Longpre's own testimony. Longpre's statements that his daily activities are relatively normal indicate that he is not disabled. See Crisp v. Secretary of Health and Human Services, 790 F.2d 450, 453 (6th Cir.1986). Moreover, Longpre's own testimony--stating that he is capable of driving, fishing, cooking, washing dishes, shopping, and visiting friends--contradicts his allegations that he suffers from disabling pain. In addition, Longpre's claimant information statement--indicating that he can lift 10 or 15 pounds, walk 30 yards, and sit for 20 minutes--substantially undermines his disability claim.
 
 
 19
 On appeal, Longpre also argues that his alleged need to lie down frequently during the day is supported by objective medical evidence, and thus, he does not retain the residual functional capacity to perform sedentary work. We disagree. None of Longpre's treating physicians testified that he requires periodic day-time bedrest. Although Dr. Maxim recommended that Longpre walk or stand for no more than five to ten minutes each hour, Dr. Maxim did not state the Longpre needs to lie down frequently during the day. Moreover, Dr. Maxim did not advise Longpre against working while sitting down. Thus, the Secretary properly ignored Longpre's unsubstantiated allegations of a need for periodic day-time bedrest.
 
 
 20
 Accordingly, we hold that substantial evidence exists to support the decision of the Secretary that Longpre retains the residual functional capacity to perform sedentary work. The order of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Julia S. Gibbons, U.S. District Judge for the Western District of Tennessee, sitting by designation
 
 
 [1]
 Sedentary work is defined as:
 [L]ifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.
 
 
 [20]
 C.F.R. Sec. 404.1567(a)