**Anthony D. JOHNSON, Plaintiff,**

v.

**Louis W. SULLIVAN, Secretary of Health and Human Services, Defendant.**

No. LR–C–89–881.

United States District Court, E.D. Arkansas, W.D.

June 21, 1990.

Thomas McGowan, Little Rock, Ark., for plaintiff.

Janna Brown, Asst. U.S. Atty., Little Rock, Ark., for defendant.

## ORDER

ROY, District Judge.

Plaintiff brought this action pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g), for review of a final decision of the Secretary of Health and Human Services denying his claim for a period of disability and for disability insurance benefits under §§ 216(i) and 223 of Title II of the Act, 42 U.S.c. §§ 416(i) and 423.

Plaintiff filed an application for disability insurance benefits on February 17, 1987, alleging he became disabled on August 15, 1986 as the result of a back injury. The State Agency and the Social Security Ad-ministration denied plaintiff's application initially and on reconsideration. Pursuant to plaintiff's request, a hearing de novo before an administrative law judge (hereinafter referred to as "ALJ") was held on November 23, 1987, at which plaintiff and his spouse appeared, with counsel. The ALJ found plaintiff not disabled on March 23, 1988. The Appeals Council remanded the case to an ALJ by order of August 5, 1988 for further administrative proceedings. A supplemental hearing was held on January 19, 1989, at which plaintiff, his counsel and a vocational expert appeared. The ALJ issued a decision on June 5, 1989, that plaintiff was not disabled within the meaning of the Social Security Act. The Appeals Council denied plaintiff's request for review of the hearing decision on September 7, 1989. The decision of the ALJ therefore became the final decision of the Secretary. The Court has reviewed the transcript in this matter and makes the following findings and conclusions.

At the time of the Secretary's final decision, plaintiff was 49 years of age. He has a 12th grade education and past relevant work experience as a heavy equipment mechanic. At his initial hearing in November 1987, plaintiff testified that he had pain in the lower part of his back and that his leg hurts all the time. He also testified that he had pain in his neck—a sharp pain and sometimes dull pain. He stated that this pain affected his emotional stability and his ability to concentrate. He also testified that he was depressed, although he had no crying spells. Plaintiff stated that he took only Ecotrin on a regular basis for his pain and that he had no side effects. He also stated that he walked occasionally and did not sleep during the day. He stated that he was no longer able to maintain a garden, feed cows or bushhog his field.

Plaintiff's spouse testified that plaintiff could not continue to build their house, cut wood or assist in installing a motor in a vehicle, as he once would have been able to do. She stated that he could not bend over to do anything.

In his Disability Supplemental Review Outline dated April 21, 1987, plaintiff reported as follows:

I usually get up in the mornings, take care of normal business, eat breakfast, carry our school age son to catch the school bus ½ mile from our house, return home and help my wife with some of the house chores, or go visit with some of our friends or relatives. I spend a good bit of time just out walking around over the place or in the area.

Plaintiff described changes in his routine since his condition began as follows:

Before hurting my back I would come home & work around the place or work 2 shifts on my regular job at times. I no longer do any of that.

He stated that he was usually in bed about 7 hours per night, but described problems while trying to sleep. He stated that he gets along well with those who live in his household with him and that there were no changes in this since his condition began. Although he has pain getting up or down or bending, he stated that he could take care of his personal needs. He also said that he helps his wife do some of the laundry work or carries out the scraps. He does shopping for mostly food items on a bi-weekly basis, but his wife carries the heavier items. He reads the Bible and quarterlies and newspaper on a daily basis, and watches the news and weather. He is no longer able to do very much hunting or fishing. He is also active in the church.

At his supplemental hearing held January 19, 1989, plaintiff testified that protracted standing and sitting hurt his back. He stated that he could do no climbing or stooping. He again testified that he takes Ecotrin daily for his pain, and that although it does not relieve his pain entirely, it helps sometimes. Plaintiff further stated that he takes Darvocet N–100 for pain only on an occasional basis. He also stated that he walks two or two and one-half miles on a typical day, and again referred to attendance at church services.

Joe Walthall, E.D., a vocational expert, testified that plaintiff's past relevant work as a heavy equipment mechanic was skilled, and that plaintiff possessed transferable skills such as practical knowledge of machinery, understanding of charts and technical manuals, and use of basic hand tools. Dr. Walthall cited the jobs of folding machine operator and tag machine operator, 220 each of which existed in the Little Rock statistical area. He also stated that preparation time for those jobs was less than 30 days.

After considering all of the evidence, the ALJ found that the plaintiff had an L4–5 disc impairment and chronic open angle glaucoma, but that he did not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4. He found that the plaintiff's subjective allegations were not considered fully credible in light of the total evidence of record. The ALJ concluded that the plaintiff had the residual functional capacity to perform the physical exertion and nonexertional requirements of work except for repetitive bending, stooping or climbing or engaging in sustained strenuous physical exertion. He found that based on an exertional capacity for light work, and the plaintiff's age, education, and work experience, the plaintiff was not disabled within the meaning of the relevant regulations.

The plaintiff raises four arguments in support of his position that there was not substantial evidence to support the ALJ's findings:

1. That the ALJ failed to properly consider his subjective complaints;

2. That the ALJ failed to consider Dr. Duncan's opinion that the plaintiff was disabled;

3. That the ALJ failed to meet his burden of proof;

4. That the ALJ failed to properly develop the record.

The role of the Court under 42 U.S.C. § 405(g) is to determine whether there is substantial evidence in the record to support the decision of the Secretary, and not to reweigh the evidence or try the issues de novo. *Sykes v. Bowen*, 854 F.2d 284, 285 (8th Cir.1988). If supported by

substantial evidence, the Secretary's findings are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390, 91 S.Ct. 1420, 1422, 28 L.Ed.2d 842 (1971). Substantial evidence is more than a scintilla, less that a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* at 401, 91 S.Ct. at 1427.

■ As to the ALJ's findings regarding plaintiff's subjective complaints, although subjective complaints may be discounted if there are inconsistencies in the record, this determination must be based upon the record as a whole. It cannot rest solely upon one element of the evidence such as objective medical findings or the observations of the ALJ. *Conley v. Bowen*, 781 F.2d 143, 146 (8th Cir.1986). Furthermore, the Secretary's credibility findings must be affirmed if they are supported by substantial evidence on the record as a whole. *Powell v. Heckler*, 741 F.2d 221 (8th Cir.1984). When subjective symptoms are not found to be credible, however, the Secretary's decision must be sufficiently explicit on the issue to allow meaningful review. *Andrews v. Schweiker*, 680 F.2d 559, 561 (8th Cir.1982); *McGhee v. Harris*, 683 F.2d 256, 259 (8th Cir.1982).

■ Plaintiff testified that he took Ecotrin for his pain, and that he only required Darvocet N–100 occasionally. As of April 1987, plaintiff reported that he was taking no pain medication and had no side effects from medications which he was taking. Failure to take strong medication is a factor that may be used to discredit plaintiff's subjective allegations. *See Williams v. Bowen*, 790 F.2d 713, 715 (8th Cir.1986).

■ The Court cannot say that the ALJ's findings regarding plaintiff's subjective allegations is supported by substantial evidence. The ALJ concluded that the claimant was capable of engaging in light work activity, after considering his subjective allegations. He found that evidence as to the claimant's daily activities supports a conclusion the claimant is not experiencing pain of such frequency, intensity or duration as to be disabling. He considered plaintiff's statements that he was able to care for his personal needs, help his wife with some of the household chores, visits with friends and relatives, walks, goes grocery shopping, has sufficient concentration to read and watch television and spends some time hunting and fishing. He considered the more restrictive schedule about which plaintiff testified at the supplemental hearing, where plaintiff stated that he sometimes puts the dishes up and does other light household chores, but is no longer able to hunt or fish. At that hearing, plaintiff testified that he walked 2 to 2½ miles per day.

The ALJ found these activities were not inconsistent with those activities performed at the light level of exertion, nor were they activities indicative of the activities of an individual experiencing severe, intractable pain. The Court disagrees. The Eighth Circuit has held that the Secretary may not search out any and all findings which support a denial of benefits and disregard those which do not. Furthermore, evidence demonstrating that a claimant pursues limited daily activities such as taking short walks, watching television, and driving a car is not substantial evidence that he is capable of the ability to perform substantial gainful activity. *See Nettles v. Schweiker*, 714 F.2d 833, 837 (8th Cir.1983); *Simonson v. Schweiker*, 699 F.2d 426, 429 (8th Cir.1983). The fact that the plaintiff is capable of engaging in household chores is not necessarily inconsistent with severe pain. *McDonald v. Schweiker*, 698 F.2d 361, 363 (8th Cir.1983). The record is replete with evidence that plaintiff suffered a great deal of pain. He stated that his back hurts all the time and his right leg hurts all the time down into the foot. His neck also hurts. This is corroborated by plaintiff's wife. She stated that when he gets up out of the chair or off the bed, he will be bent over for several steps and finally he'll hold onto to something. Sometimes he can straighten up quicker than others, but a lot of times, he'll have to go all the way across the house before he can even get straightened up and walk straight. She has seen him when the pain would hit him in his

neck. This pain is the result of his back injury and neck injury. He cannot bend over or stoop over. He can't get down and squat down and can't bend. He is not able to lift anything. He also has difficulty pulling or pushing and turning or twisting. When he sits for long periods of time for several minutes, it causes increased pain in his neck and back and leg. There is medical evidence to support the allegations of pain to the extent alleged by the plaintiff. In the Attending Physician's Statement of Disability, Dr. Duncan gives the diagnosis as herniation at the L4–5 level on the right. He rated the plaintiff's physical impairment as "severe limitation of functional capacity; incapable of minimal (sedentary) activity. (75–100%)" Dr. Duncan concluded that the plaintiff was totally disabled, with no expectation of a fundamental or marked change in the future. He stated that the patient is not a very good surgical candidate and surgery consideration may not improve his symptoms. As late as April 21, 1988, at his examination, plaintiff continued to have back pain, right radicular pain. Range of motion lumbar spine was less than 50% of normal. He had a good deal of difficulty getting up on the examining table. Straight leg raising, right, was positive at 45%. Dr. Duncan did not think he was able to return to his previous job. On June 30, 1988, Dr. Duncan stated that symptoms were essentially unchanged. Plaintiff had back pain, radicular pain, right lower extremity. On exam, plaintiff could flex the lumbar spine with fingertips 18 inches from the floor, and had to put his hands on his knees and thighs to get back to a standing position. Straight leg raising, right, was positive at 30 degrees. On July 22, 1988, plaintiff was seen for acute onset of left foot pain. On exam, he was swollen in the foot, slightly increased heat. The x-rays of the foot were normal, and the doctor suspected an acute gout attack. The Court finds that there is not substantial evidence to support the findings that plaintiff's subjective allegations are not credible.

 Plaintiff next argues that the ALJ failed to consider Dr. Duncan's opinion, (plaintiff's treating physician), that plaintiff was disabled. While medical expert opinion evidence on the ultimate issue of disability ordinarily will not bind an ALJ, when a claimant's treating physician expresses the opinion that the claimant is unable to engage in any substantial gainful activity, a contrary finding that is not supported by substantial evidence is not permissible. *Parker v. Harris,* 626 F.2d 225, 232–33 (2nd Cir.1980); *Behnen v. Califano,* 588 F.2d 252, 254 (8th Cir.1982). The Secretary is not bound by statements and opinions of physicians on the ultimate issue of disability. The determination of disability involves consideration of many factors, only one of which is medical impairment, and it is reserved exclusively to the Secretary upon consideration of the entire record. *King v. Heckler,* 742 F.2d 968, 973 (6th Cir.1984); *Barajas v. Heckler,* 738 F.2d 641, 645 (5th Cir.1984).

In addressing the opinion of Dr. Duncan, the treating physician, and Dr. McConkie, the consultative physician, the ALJ stated:

The claimant underwent an orthopedic consultative examination on October 17, 1988 by Stuart McConkie, M.D. Dr. McConkie reported he could not find anything which would preclude reasonably active use of the claimant's neck and back for average activities. He based his conclusion on a physical examination showing a good range of motion present in the claimant's back, no muscle spasm evident, negative straight leg raising, normal knee and ankle reflexes and no evidence of atrophy or weakness. A medical assessment of the claimant's ability to do work-related activities was completed by Dr. McConkie who reported the claimant is not limited in lifting and carrying objects, standing, walking or sitting or performing postural activities or additional functions including reaching, handling, feeling, pushing or pulling. Earlier reports from the claimant's treating orthopedic surgeon, Shelby Duncan, M.D., show the claimant was treated by him through July 1988 for complaints of back and radicular pain, which Dr. Duncan reported represented an L4–5 disc. Examination in June 1988 showed the

claimant had a decreased range of motion present in his lumbar spine with straight leg raising positive at 30 degrees on the right and weak toe extension on the right as compared to the left. Dr. Duncan concluded he was doing very little for the claimant other than advising him how to care for his back. While the evidence shows the claimant has a severe impairment involving his back, the requirements of Listing 1.05 are not met, and the claimant does not have a vertebrogenic disorder with associated muscle spasm, sensory or reflex loss as required by that listing.

While reports of nontreating physicians generally are entitled to less weight in the overall evaluation of disability, such a report can outweigh unsupported conclusions of a treating physician. *Davis v. Schweiker,* 671 F.2d 1187 (8th Cir.1982). The Court cannot say that Dr. Duncan's opinion was not supported by objective medical findings. The defendant asks the Court to disregard Dr. Duncan's opinion because he believed there to be mental component to plaintiff's symptomatology. Since there is no indication that plaintiff has required or received treatment for any mental disorder, defendant asks the Court to give Dr. Duncan's opinion less weight. The Court will not give Dr. Duncan's opinion less weight because of this one factor. If the Court found otherwise, it would only be searching for factors to support the ALJ's findings. This the Court will not do. Dr. McConkie examined the plaintiff only once, while Dr. Duncan treated plaintiff over a period of time.

Because of the above findings, there is no need to address the remaining arguments presented by the plaintiff. However, the Court is not persuaded that the ALJ posed an incomplete or improper hypothetical question to the vocational expert.

Finally, the Court finds that there is substantial evidence in the record to support a finding of disability. Therefore, there is no need for remand of this matter for further findings.

After reviewing the entire record carefully, the Court must conclude that the record, considered as a whole, lacks substantial evidence to support the Secretary's findings.

THEREFORE, the plaintiff's motion for summary judgment is granted, the final decision of the Secretary is hereby vacated and reversed, and the cause is remanded to the Secretary with directions to award a period of disability and such benefits as the plaintiff is entitled to receive by law for his disability, which is found to have an onset date of August 15, 1986.