980 F.2d 734
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Virginia EMMERT, Appellant,
v.
Louis W. SULLIVAN, Appellee.
 No. 92-2006.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: October 13, 1992.
Filed: November 23, 1992.
 
 Before FAGG, Circuit Judge, LAY, Senior Circuit Judge, and LARSON,* Senior District Judge.
 LAY, Senior Circuit Judge.
 
 
 1
 Virginia Emmert appeals from an order of the district court[1] granting summary judgment in favor of the Secretary of Health and Human Services (Secretary). Emmert argues that the district court erred in granting the Secretary's motion and that the Secretary's decision denying her claim for social security disability benefits was not based on substantial evidence on the record as a whole. We affirm the decision of the district court.
 
 I. Background
 
 2
 Emmert filed an application for social security disability benefits on October 30, 1989, alleging she had been unable to work since September 1, 1979, due to fibrositis. Her application was denied initially and upon reconsideration. After a hearing, an Administrative Law Judge (ALJ) determined that Emmert was not disabled within the meaning of the Social Security Act. The ALJ's decision was affirmed by the Appeals Council. Emmert then sought judicial review in district court, and the district judge granted the Secretary's motion for summary judgment. This appeal followed.
 
 II. Discussion
 
 3
 In order to establish her entitlement to disability insurance benefits, Emmert must show a physical or mental impairment lasting more than twelve months which prevents her from engaging in any substantial gainful activity. 42 U.S.C. § 423(d)(1)(A). In addition, Emmert must establish that she became disabled on or before the expiration of her insured status under the Social Security Act. 42 U.S.C. §§ 416(i)(3) and 423(c); Sykes v. Bowen, 854 F.2d 284, 286 (8th Cir. 1988). It is undisputed that Emmert's insured status expired on December 31, 1981; thus, Emmert must prove she became disabled on or before this date.
 
 
 4
 The record reveals that Emmert was 30 years old on when last insured and 39 years old at the time of the hearing before the ALJ. She has 14 years of formal education. Her previous work has been in semi-skilled positions making custom draperies and working in print shops. Her last position was as a multigraph operator in a print shop from May through September of 1979. This job required standing four to five hours daily, walking for up to one hour, and lifting in excess of ten pounds.
 
 
 5
 At the hearing before the ALJ, Emmert contended that she was totally disabled as of the date she was last insured due to fibrositis and an anxiety disorder. She testified that although she experienced joint and back pain since she was a child, her condition worsened severely in November of 1979 following the delivery of a child who died shortly after birth. In the time period between 1979 to 1981, Emmert claimed she had difficulty in getting out of bed and moving around one out of every four days. She also testified that she grew up in an alcoholic family, which caused her great anxiety. Emmert's husband, mother, and former employer testified in person before the ALJ or by written statement. In general, they supported Emmert's allegations of anxiety and back and joint pain before 1979.
 
 
 6
 The medical evidence corroborating this testimony was, however, quite sparse. As to the fibrositis, the earliest record in the case is from 1979 and concerns a pregnancy. The first report of back and joint pain is from January 1980. At that time, Emmert reported in her history to the physician that she had experienced these pains for five years. However, her primary concern was whether she could have more children. The next report in the record is from July of 1981 and pertains to the birth of another child. There are no other medical reports until June 11, 1983. Starting in 1983, the medical records indicate that Emmert began being seen more frequently for back and joint pain. A June 28, 1983 record reported a ten-year history of arthralgias in Emmert's knees and lower back. The condition was finally diagnosed in 1985 as fibrositis. Dr. Cynthia Weaver, who saw Emmert once in 1989, opined that Emmert probably had fibrositis in 1979, but gave no opinion on whether the condition was disabling at that time.
 
 
 7
 As to the anxiety disorder, Dr. Val Farmer, a clinical psychologist, had eight counseling sessions with Emmert in 1990. In a September 1990 report, Dr. Farmer stated his opinion that Emmert was disabled at the time due to psychological distress. On the question of whether Emmert was similarly disabled in 1979, Dr. Farmer indicated in an October 1990 letter that he had reviewed "life circumstances" with the Emmerts in 1979 and that "basically, I believe that her anxiety level must have been as great or greater in 1979 as it is in 1990." Dr. Farmer did not produce any contemporaneous clinical notes or opinions. No other medical reports, either before or after 1979, reveal a mental disorder nor severe limitations due to such a disorder.
 
 
 8
 Based on this evidence, the ALJ acknowledged that Emmert suffered from disabling fibrositis at the time of the administrative hearing in 1990. He also found that Emmert suffered from fibrositis before the expiration of her insured status. However, he concluded that Emmert was not disabled as of December 1981 because she retained the residual functional capacity to perform the full range of sedentary work.[2]
 
 
 9
 Our review of the Secretary's decision to deny benefits is limited to a determination of whether the decision is supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); Dixon v. Sullivan, 905 F.2d 237, 238 (8th Cir. 1990). This court does not reweigh the evidence and cannot reverse the Secretary's decision even if the court would have decided differently, so long as the decision is based on substantial evidence on the record as a whole. Sykes v. Bowen, 854 F.2d 284, 285 (8th Cir. 1988).
 
 
 10
 We conclude that the Secretary's determination that Emmert was not disabled prior to December 31, 1981 is based on substantial evidence. The medical evidence supports this conclusion. No contemporaneous medical records indicate disabling physical and mental impairments prior to the expiration of Emmert's insured status. At most, the medical reports indicate that Emmert's physical condition began to deteriorate in 1983 due to fibrositis.
 
 
 11
 Emmert's work history also supports this determination. Emmert worked in a print shop for four months in 1979 prior to her claimed onset date of November 1979. This position required Emmert to stand or walk five to six hours daily and to lift in excess of ten pounds, tasks which exceed the requirements for sedentary work. Indeed, it appears that Emmert left this position not because her disability rendered her unable to perform the work, but because she decided to join her husband in another location.
 
 
 12
 Finally, the testimony regarding Emmert's activities with her church supports the ALJ's decision. Emmert's minister testified that Emmert was very active in church activities until 1983, after which her physical condition prevented her from participating in these activities to the same extent.
 
 
 13
 Emmert urges several specific errors by the ALJ. She argues first that the ALJ violated the principles set forth in Polaski v. Heckler, 751 F.2d 943 (8th Cir. 1984), by improperly discounting her subjective complaints. She contends that the ALJ in effect required her to produce contemporaneous medical evidence to substantiate her subjective complaints. In Polaski, we stated that the absence of objective medical evidence alone is not sufficient reason to disregard a claimant's subjective complaints. Id. at 948. However, subjective complaints may be discounted if there are inconsistencies in the evidence as a whole. Id. We conclude that the ALJ properly considered Emmert's subjective complaints of pain under Polaski and set out the reasons for discrediting her testimony. Under the circumstances, we conclude the Secretary's decision cannot be set aside. Browning v. Sullivan, 958 F.2d 817, 821 (8th Cir. 1992).
 
 
 14
 In a related complaint, Emmert also contends that the ALJ improperly discredited her own testimony as well as that of other lay witnesses in this case. This court may not reject a credibility determination if it is supported by substantial evidence in the record. Johnson v. Heckler, 744 F.2d 1333, 1338 (8th Cir. 1984). We conclude that substantial evidence supports the ALJ's credibility determination.
 
 
 15
 Finally, Emmert argues that the ALJ erred by not giving adequate weight to Dr. Farmer's opinion that she had a disabling anxiety disorder in 1979. A medical opinion is not, however, conclusive in determining disability status and may be discounted if it is not supported by medically acceptable clinical or diagnostic data. Mathews v. Bowen, 879 F.2d 422, 424 (8th Cir. 1989). Here, the ALJ discussed his reasons for not accepting Dr. Farmer's conclusion at length, noting the complete absence of any other reports at any time indicating mental problems. We find that the ALJ's decision is supported by the evidence in the record.[3]
 
 III. Conclusion
 
 16
 Based on a thorough review of the record, we conclude that the Secretary's decision denying benefits to Emmert is supported by substantial evidence on the record as a whole. Accordingly, we affirm the judgment of the district court denying benefits to the claimant.
 
 
 
 *
 The HONORABLE EARL R. LARSON, Senior United States District Judge for the District of Minnesota, sitting by designation
 
 
 [1]
 The Honorable Richard H. Battey, United States District Judge for the District of South Dakota, Western Division
 
 
 [2]
 Sedentary work is defined as follows:
 Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.
 
 
 [20]
 C.F.R. § 404.1567
 Although finding that Emmert could perform sedentary work, the ALJ determined that Emmert could not have performed her past relevant work as a multigraph operator or drapery maker. The burden then shifted to the Secretary to show the existence of other jobs in the national economy that Emmert could perform. The ALJ referred to the Medical-Vocational Guidelines and determined that Emmert was not disabled.
 
 
 [3]
 Emmert suggests that the ALJ's rejection of Dr. Farmer's opinion permitted him to avoid assessing the combined effect of her psychological and physiological conditions on her ability to work. See 42 U.S.C. § 423(d)(2)(C) (Supp. II 1984). Our review of the record indicates that the ALJ did consider Emmert's impairments and their effect on her ability to work, both singly and in combination, but concluded that the evidence did not support the presence of a disabling condition