**Doris J. STATHIS, Appellant,**

v.

**Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Appellee.**

**No. 91–2692.**

United States Court of Appeals, Eighth Circuit.

Submitted March 10, 1992.

Decided May 22, 1992.

James D. Leach, Rapid City, S.D., argued, for appellant.

Deana R. Ertl–Lombardi, Denver, Colo., argued (Steven D. Rich, Rapid City, S.D., on the brief), for appellee.

Before McMILLIAN and HANSEN, Circuit Judges, and VAN SICKLE,* Senior District Judge.

HANSEN, Circuit Judge.

Doris J. Stathis appeals the order of the district court granting summary judgment to the Secretary of Health and Human Services (Secretary). The district court found that substantial evidence on the record as a whole supported the Secretary's decision to deny her Social Security disability insurance benefits. We reverse and remand to the district court with instructions to remand to the Secretary for further consideration in light of this opinion.

## I. BACKGROUND

Stathis was employed as a nurse's assistant and worked in a convalescent home for approximately twenty years. In 1982, she underwent surgery on her left shoulder. On June 28, 1988, at the age of forty-eight, she fell while attempting to lift a patient at work and reinjured her left arm and shoulder. She worked for two days after her injury but was unable to continue. She has not worked since that time.

---

* The HONORABLE BRUCE M. VAN SICKLE, Senior United States District Judge for the District of North Dakota, sitting by designation.

Stathis filed an application for disability benefits on December 5, 1988, claiming that she was disabled. The applications were denied initially and on reconsideration. Stathis then requested an administrative hearing.

At the hearing, a vocational expert testified that although Stathis could not perform her previous work as a nurse's aide, there were three jobs existing in a significant number in the national economy that she could perform: (1) companion to the elderly; (2) customer service representative; and (3) stock checker of apparel. The ALJ characterized these three jobs as "sedentary." The ALJ also described Stathis's previous job as unskilled work and found that she does not have any work skills which are transferable to a skilled or semi-skilled job. Following the hearing, the ALJ denied benefits on January 31, 1990, by concluding that Stathis was not disabled.

Stathis then requested review by the Secretary's Appeals Council. On July 10, 1990, the Appeals Council denied the request for review and affirmed the Secretary's denial of disability benefits.

Stathis sought judicial review of the Secretary's adverse decision. In response to the parties' cross motions for summary judgment on the administrative record, the district court granted summary judgment to the Secretary. Stathis appeals this decision.

## II. DISCUSSION

After reviewing the administrative record, we find substantial internal inconsistencies in the ALJ's decision to deny disability benefits. The first inconsistency concerns the ALJ's classification of the three jobs that Stathis could supposedly perform. On the one hand, the ALJ characterized all three jobs as "sedentary." Based on this characterization, Stathis ar-gues that she is entitled by law to be found disabled.

A claimant within the age range from fifty to fifty-four, who has a high school diploma, who previously worked at an un-skilled job and is unable to return to her prior job, and who can only perform sedentary work is entitled by law to be found disabled. 20 C.F.R. Part 404, Subpt. P, App. 2, Rule 201.12 (1991). Based on the ALJ's fact findings, Stathis claims to meet all of the criteria of Rule 201.12.[1] Therefore, she argues that she should be classified as disabled as a matter of law and is entitled to disability benefits.

On the other hand, the ALJ specifically found that Stathis is capable of performing "somewhat less than the full range of *light work.*" (emphasis added). Additionally, the ALJ specifically found that Stathis could regularly lift objects weighing ten (10) pounds and occasionally weighing up to twenty (20) pounds, and stand up during half the work day. This finding closely matches the definition of "light work" as defined in the Social Security Regulations. *See* 20 C.F.R. § 404.1567(b) (1991). Based on these findings, Stathis was classified by the ALJ as "not disabled." *See* 20 C.F.R. Part 404, Subpt. P, App. 2 Rules 202.20 and 202.13.

Furthermore, the ALJ characterized all three potential jobs as sedentary. Two of the three jobs ("stock checker of apparel" and "companion to the elderly"), however, are classified by the Department of Labor as "light work." U.S. Dept. of Labor, *Dictionary of Occupational Titles* (4th ed. 1991).

The second inconsistency concerns the ALJ's specific finding that Stathis "does not have any acquired work skills which are transferable to the skilled or semi-skilled work activities of other work." Based on this finding, Stathis argues that she cannot perform either the job of cus-

---

1. We recognize that Rule 201.12 applies to claimants between ages fifty and fifty-four. At the time of her injury on June 28, 1988, Stathis was forty-eight years old. Her birthday is November 5. Therefore, on November 5, 1989, Stathis turned fifty and claims that she meets all of the criteria of Rule 201.12. We decline to take a position as to when, if ever, the disability benefits should begin to accrue. We merely point this fact out for the Secretary's consideration on remand.

tomer service representative or companion to the elderly.

The vocational expert characterized these two potential jobs as "semi-skilled" work. Admin. Record at 39–40. By statutory definition, semi-skilled work requires "some [work] skills." 20 C.F.R. § 404.1568(b) (1991). Based on the ALJ's findings, however, Stathis has no transferable work skills. Logic dictates, therefore, that Stathis is not qualified to work as either a customer service representative or a companion to the elderly.

We find that these inconsistencies must be resolved. On remand, the ALJ shall consider these inconsistencies in light of this opinion.

■ With regard to the third job entitled "stock checker of apparel," we find that there is not substantial evidence on the record as a whole to conclude that either Stathis is physically capable of performing the job or that the job exists in significant numbers in the national economy. *See* 42 U.S.C. § 405(g); *Clarke v. Bowen*, 843 F.2d 271, 272 (8th Cir.1988) (citation omitted).

The description of a stock checker of apparel is the following:

> Gathers and counts garments tried on by customers in fitting rooms of retail store; Hangs garments according to size on proper display racks, and *refastens belts, buttons, and zippers on garments* tried by customers. Counts number of garments carried in and out of dressing rooms to assure no garments are missing. May sew on missing and loose buttons, hooks, and loops.

U.S. Dept. of Labor, *Dictionary of Occupational Titles* (4th ed. 1977) (emphasis added). The ALJ specifically found that Stathis has no use of her left upper arm and indicated that she should be treated as a "non-dominant amputee." Moreover, the district court found that Stathis must permanently keep her left arm in a sling and that she "requires assistance dressing herself in clothing requiring zipping, buttoning, or fastening." *Stathis v. Sullivan*, No. 90–5083, slip op. at 2 (D.S.D. May 21, 1991). After reviewing the record, we find that there is not substantial evidence on

the record as a whole to support the ALJ's conclusion that Stathis is physically able to perform the job of "stock checker of apparel" according to its description.

■ Stathis also argues that the Secretary has failed to adequately prove that the job of "stock checker of apparel" exists in significant numbers either in the area where she lives or in the national economy. *See* 42 U.S.C. § 423(d)(2)(A). We agree.

After Stathis successfully proved that she was unable to perform her former job, the Secretary has the burden to "show the existence of other jobs in the national economy that [Stathis] is capable of performing." *Sykes v. Bowen*, 854 F.2d 284, 286 (8th Cir.1988) (citation omitted). Relying on the vocational expert's testimony, the Secretary found that Stathis could perform the job of "stock checker of apparel" and that there are 780,000 such jobs that exist in the national economy. After reviewing the record, however, we find that the Secretary's finding is erroneous, because this figure does not include the specific job, "stock checker of apparel." The Occupational Outlook Handbook, which was the source for the vocational expert's testimony, indicates that in 1984, there were 788,000 jobs that existed in the national economy under the titles "stock clerks, stockroom, warehouse, or yard." U.S. Dept. of Labor, *Occupational Outlook Handbook* (1986 ed.). The definition of this job category reads: "Receive, store, and issue materials, equipment, and other items from stockroom, warehouse, or storage yard. Keep records and compile stock reports." *Id.* Clearly, the job entitled "stock checker of apparel" is not included within this 780,000 job figure. Therefore, we hold that there is not substantial evidence on the record as a whole to find that the job entitled "stock checker of apparel" exists in significant numbers in the national economy.

## III. CONCLUSION

We reverse and remand to the district court with instructions to remand to the

Secretary for further consideration in light of this opinion.