25 F.3d 1055
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Amy L. BOLIN, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 93-2213.
 United States Court of Appeals, Tenth Circuit.
 May 5, 1994.
 ORDER AND JUDGMENT[1]
 
 1
 Before BALDOCK and McKAY, Circuit Judges, and BROWN,** District Judge.[2]
 
 
 2
 Plaintiff-appellant Amy L. Bolin appeals from an order of the district court affirming the Secretary's decision to deny social security disability benefits. The administrative law judge (ALJ) found plaintiff was impaired by a mild phlebitic condition, which required her "to alternate sitting and standing throughout the work day as well as elevate her left leg for up to five minutes per hour." App. at 54, 62, 65. Nevertheless, based on the testimony of a vocational expert, the ALJ concluded plaintiff could still perform a sedentary occupation with a significant number of regional and national positions, specifically telephone order clerk. Id. at 64-65. The ALJ accordingly held plaintiff not disabled at step five of the controlling sequential analysis. See Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir.1988)(describing steps). Following the denial of further administrative review, plaintiff unsuccessfully challenged the Secretary's decision in the district court, from which this appeal is taken.
 
 
 3
 We review the Secretary's decision to determine whether the factual findings are supported by substantial evidence and correct legal standards were applied. See Andrade v. Secretary of Health & Human Servs., 985 F.2d 1045, 1047 (10th Cir.1993). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971)(internal quotation omitted). We will not second-guess the ALJ's credibility determinations, see Williams, 844 F.2d at 755, nor will we reweigh the evidence generally, see Hamilton v. Secretary of Health & Human Servs., 961 F.2d 1495, 1498 (10th Cir.1992).
 
 
 4
 This appeal is directed solely at the expert vocational evidence establishing the availability of telephone order clerk positions that could accommodate plaintiff's physical limitations. Specifically, plaintiff argues that the expert's opinion is deficient for three reasons: " there is no substantial evidence regarding the number of catalog telephone order taker jobs, the job is not unskilled, and an employee could not elevate a leg above the heart for five (5) minutes out of each hour." Appellant's Brief at 5. We find none of these objections persuasive.
 
 
 5
 To satisfy the Secretary's burden at step five, there must be substantial evidence of a significant number of jobs the plaintiff can perform, but we have "never drawn a bright line establishing the number of jobs necessary to constitute a 'significant number.' " Trimiar v. Sullivan, 966 F.2d 1326, 1330 (10th Cir.1992). Rather, "[t]he decision should ultimately be left to the [ALJ's] common sense in weighing the statutory evidence as applied to a particular claimant's factual situation." Id. (internal quotations omitted).
 
 
 6
 Here, the vocational expert's opinion regarding the prevalence of telephone order clerk jobs able to accommodate plaintiff's limitations was based on two general types of sources: the expert's own experience in local placement services, see I R. doc. 3 at 68-69, 73, and formal quantitative Department of Labor publications, in particular the national Occupational Outlook Handbook (Handbook), see id. at 69-70, 183. Plaintiff objects to use of job figures from the Handbook, because the listing for order clerk (DOT# 249.362-026, formerly DOT# 249.367-054) combines telephone order positions with positions requiring personal customer contact, which plaintiff's limitations preclude. See U.S. Dep't of Labor, Dictionary of Occupational Titles (DOT) Vol. I at 217 (4th ed., Revised 1991); Handbook at 265-66 (1992-93 ed.). Thus, plaintiff argues, the Handbook's undifferentiated figure of 291,000 jobs for the DOT listing cannot constitute substantial evidence of the prevalence of positions available to plaintiff.
 
 
 7
 If the available position identified by the vocational expert fell completely outside the job description for the DOT listing, we would have to agree that Handbook figures for that listing could not supply relevant, let alone substantial, evidence. See, e.g., Stathis v. Sullivan, 964 F.2d 850, 852 (8th Cir.1992). Here, however, the position of telephone order clerk is admittedly included in the pertinent DOT listing. Moreover, the Handbook specifically states that "many" of the 291,000 order clerk jobs were of the telephone variety. Handbook at 265-66. Under these circumstances, and in light of the corroborative evidence about local and regional figures drawn from the vocational expert's professional experience, we cannot say the ALJ's conclusion lacks substantial evidentiary support simply because the Handbook's national figure for order clerk positions does not apply in toto. Cf. Born v. Secretary of Health & Human Servs., 923 F.2d 1168, 1175 (6th Cir.1990)(Secretary properly found requisite availability of jobs where expert opined that part-time positions suitable for plaintiff were included [in unspecified quantity] in total job base of 800,000).
 
 
 8
 Plaintiff notes that the telephone order clerk position is semiskilled and argues that "[t]he record contains no evidence that the prior work performed by Ms. Bolin provided her with skills transferable to the .. position." Appellant's Brief at 7. The district court rejected this argument, holding that a comparison between plaintiff's description of her past work as a paralegal and legal secretary and the vocational expert's description of the telephone order clerk position provided a sufficient basis on which to conclude the former involved skills permitting easy adjustment to the latter. I R. doc. 6 at 11-12. The pertinent job descriptions in the DOT and Handbook buttress this conclusion. See DOT at 85, 171, 217; Handbook at 213-15, 265-66, 267-69. Moreover, although the vocational expert was not specifically asked about particular skills, the district court recognized that he had reviewed the exhibits and heard the pertinent testimony when he opined that plaintiff could perform the telephone order clerk position. App. at 81. This certainly implies the expert found no transfer-of-skills problem. Cf. Gay v. Sullivan, 986 F.2d 1336, 1341 n. 3 (10th Cir.1993). We concur in the district court's treatment of the issue.
 
 
 9
 Lastly, plaintiff contends a telephone order clerk would not be able to elevate her leg above her heart every hour, citing correspondence from an employer. The ALJ considered this issue but deemed it irrelevant, because the medical evidence did not show plaintiff needed to raise her leg that high during the recommended hourly elevation periods. See App. at 62, 64. The district court considered the matter at further length and found the ALJ's decision supported by substantial evidence. See I R. doc. 6 at 12-13. We agree with the district court's analysis.
 
 
 10
 The judgment of the United States District Court for the District of New Mexico is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 **
 Honorable Wesley E. Brown, Senior District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument