**Albert HEER, Plaintiff-Appellant,**

**v.**

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.**

**No. 80–3668.**

United States Court of Appeals, Sixth Circuit.

Argued Dec. 10, 1981.

Decided Feb. 9, 1982.

---

Frederick Buckley, Buckley & Miller, Robert C. King, Wilmington, Ohio, for plaintiff-appellant.

Joseph E. Kane, Asst. U. S. Atty., Columbus, Ohio, for defendant-appellee.

Before WEICK * and LIVELY, Circuit Judges and PHILLIPS, Senior Circuit Judge.

PER CURIAM.

This is an appeal from the summary judgment upholding the decision of the Secretary to deny the application of the appellant for old age insurance benefits. We affirm.

Appellant filed an application for old age insurance benefits on March 10, 1978. The application was denied initially and upon reconsideration. On February 26, 1979, appellant was granted a hearing before an administrative law judge. On April 30, 1979, the ALJ issued a decision denying benefits. The Appeals Council denied the request of appellant for review, and its decision became the decision of the Secretary.

Appellant filed an action in district court contesting the denial of benefits. The Secretary's motion for summary judgment was granted by District Judge Robert M. Duncan. This appeal followed.

The appellant and his wife are the sole shareholders in a closely held corporation which does business as a "modified department store." The business was incorporated in 1956 with appellant and his wife each receiving 50 per cent of the shares. The appellant was made president and secretary; his wife was made vice president and treasurer. For the ten to twelve years prior to 1978, the year in which the appellant announced his retirement, the appellant and his wife continued to serve in these positions, and the appellant received a salary double that of his wife. From 1972 to 1978, the appellant was paid $53,260 per year, and his wife was paid $26,630.

---

* Circuit Judge Weick retired from regular active service under the provisions of 28 U.S.C. § 371(b) on December 31, 1981, and became a Senior Circuit Judge.

On November 1, 1977, the appellant submitted to the Board of Directors his request for retirement from the position of president, effective January 31, 1978. The Board of Directors consisted of the appellant and his wife. His request was accepted. The wife was elected president effective February 1, 1978. The appellant continued to serve the corporation as secretary. The appellant's wife received a salary of $53,260, but the appellant served the corporation *without salary*. At a special meeting of the directors in June 1978, the salary of the wife as president was increased to $60,000 per year effective from February 1978.

After January 31, 1978, the effective date of the "retirement" of appellant, the duties of the appellant changed very little, except that he took more time off, and came to work a little later. The duties of the wife did not change appreciably.

On the basis of these facts the Secretary found that, since the $60,000 salary paid to the wife of appellant was the sole income of the appellant and his wife and undoubtedly was used for his support, part of the $60,000 salary should be attributed to the appellant. Since the duties of the wife had not changed appreciably, the Secretary found that the reasonable value of her services should be $26,630, the amount she was paid before the "retirement" of her husband. The Secretary reallocated the remainder of the $60,000, or $33,270, to the appellant as salary for his services to the corporation. Since $33,270 exceeds the exempt wage amount prescribed by the Social Security Act, the claim of appellant for old age retirement benefits was denied.

The appellant asserts that the reallocation of part of his wife's income to him was wholly improper. He argues that the salary increase given to his wife was justified because her salary before the retirement of appellant was "unreasonably low." He explains that she was underpaid previously because of "male chauvinism" and that before he retired her salary always should have been as much as his.

Appellant's argument is that he did not have excess earnings as "earnings" are defined in 42 U.S.C. § 403(f)(5)(A). He was paid no "wages," and he had no net "earnings from self-employment," because he was not self-employed, but rather was an employee of the closely held corporation. Therefore, he argues that the "substantial services" test for earnings from self-employment contained in 42 U.S.C. § 403(f)(4)(A) is inapplicable.

■ We conclude that this case is controlled by two prior decisions of this court, *Holden v. Califano*, 641 F.2d 405 (6th Cir. 1981), and *Skalet v. Finch*, 431 F.2d 452 (6th Cir. 1970). Appellant seeks to distinguish these cases on the ground that they deal with the "substantial services" test of 42 U.S.C. § 403(f)(4)(A). *Holden* and *Skalet* stand for a broader proposition, however. The key to both decisions is that the Secretary has the right to examine the substance over the form of business transactions and relationships for purposes of the Social Security Act. *See Holden, supra*, 641 F.2d at 409; *Skalet, supra*, 431 F.2d at 454.

■ Further, the decision of the Secretary in the present case is consistent with the cases from other courts cited by the appellant. The Secretary considered the opinions in *Gardner v. Hall*, 366 F.2d 132 (10th Cir. 1966); *Letz v. Weinberger*, 401 F.Supp. 598 (D.Colo.1975); and *Bryan v. Mathews*, 427 F.Supp. 1263 (D.D.C.1977). After analyzing these decisions, the Secretary concluded that several factors should be considered before "piercing the veil" of "fictitious family salary arrangements." Those factors include: (1) whether the claimant continues to contribute substantial and valuable services to the corporation; (2) whether the family member receiving the income increases his or her duties commensurate with the increase in salary; and (3) whether the family member's income is used to support the claimant.

■ The application of these factors to the present case supports the conclusion of the Secretary that the appellant's "retirement without pay" and his wife's simultaneous increase in pay were, in substance, a "fictitious family salary arrangement," and,

therefore, the claim of appellant for old age insurance should be denied. We hold that substantial evidence supports the finding of the Secretary that there is a "fictitious family salary arrangement" in this case. It follows that reallocation of part of the wife's income to the appellant was justified.

The judgment of the district court is affirmed. No costs are taxed. Each party will bear his own costs.