**Robert S. BLAND, Appellant,**

v.

**Otis R. BOWEN, Secretary of Health and Human Services, Appellee.**

**No. 88–1272.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 21, 1988.

Decided Nov. 23, 1988.

Timothy C. Harlan, Columbia, Mo., for appellant.

Henry J. Fredericks, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Before WOLLMAN and BEAM, Circuit Judges, and FLOYD R. GIBSON, Senior Circuit Judge.

PER CURIAM.

Robert Bland appeals from the order of the district court [1] affirming the decision of the Secretary denying his claim for disability benefits. For reversal, Bland argues that the denial of benefits was not sup-

---

1. The Honorable George F. Gunn, Jr., United States District Judge for the Eastern District of Missouri.

ported by substantial evidence. For the reasons discussed below, we affirm.

## I. BACKGROUND

Bland filed applications for disability and supplemental security income in April 1983 alleging a disabling heart condition which began on January 30, 1983. The Social Security Administration (SSA) denied Bland's applications initially and on reconsideration. At Bland's request, a hearing was held before an Administrative Law Judge (ALJ). The ALJ determined that Bland was not disabled and Bland sought judicial review in United States District Court. The district court[2] remanded the case to the Secretary for further administrative action. On remand the Secretary was instructed to call a vocational expert to testify as to the availability of work that Bland was capable of performing. The vocational expert was to consider Bland's exertional and nonexertional limitations, as well as the combination of these impairments.

Pursuant to the remand order a supplemental hearing was held on June 6, 1986. After the supplemental hearing the ALJ determined that Bland was not under a "disability" as defined in the Social Security Act. The Appeals Council adopted the ALJ's conclusions and the ALJ's recommended decision stands as the final decision of the Secretary. Bland again sought judicial review of the Secretary's decision denying benefits. The case was referred to a magistrate[3] who recommended that the Secretary's decision be affirmed. The district court adopted the magistrate's recommended decision and entered judgment in favor of the Secretary.

Bland is 46 years old and at the initial administrative hearing he testified that he finished the ninth grade and subsequently obtained a GED. Bland's past work included work as a plumber's helper, maintenance man, assembly line worker, animal warden dispatcher, crane operator, and bartender. Bland last worked as an attendant at a state psychiatric hospital, but he has not worked since January 30, 1983. On January 30, 1983, Bland was hospitalized for a myocardial infarction and was discharged from the hospital on February 12. Since this hospitalization Bland has been examined on numerous occasions and has regularly visited hospital emergency rooms with complaints of chest pain. The ensuing examinations have all revealed Bland's preexisting myocardial infarction but no new conditions have been detected. Bland's heart condition is controlled with medication.

Almost three years after filing for social security benefits Bland's attorney arranged for Bland to be examined by a psychologist. The psychologist, Wiley Miller, M.Ed., administered the Minnesota Multiphasic Personality Inventory (MMPI) to Bland and diagnosed generalized anxiety disorder and dysthymic disorder (neurotic depression). Thereafter, Bland was evaluated by two additional psychologists and a psychiatrist and all of the examinations revealed that Bland was suffering from a combination of anxiety and generalized depression.

Bland testified at the first administrative hearing. In his testimony Bland indicated that he was able to walk one-half mile before experiencing any pain or shortness of breath, he had no difficulty using his arms and hands, and he was able to lift up to twenty pounds. He also indicated that he was able to bend but had problems squatting. Bland testified that he lived with his five children and he did most of the cooking and general housecleaning. He was able to drive short distances and went grocery shopping about every other day; he also picked his children up after school. This testimony was generally restated at the supplemental hearing.

At the supplemental hearing a vocational expert testified and was asked a series of hypothetical questions by the ALJ. The hypothetical questions embodied Bland's

2. The Honorable John K. Regan, late United States District Judge for the Eastern District of Missouri.

3. The Honorable David D. Noce, United States Magistrate for the Eastern District of Missouri.

various exertional and nonexertional limitations. Based on these questions, the vocational expert identified several jobs available in significant numbers which Bland could perform. The jobs were generally semi-skilled and included, work as a shipping and receiving clerk, cashier, and self-service gas station attendant.

After reviewing the evidence, the ALJ determined that Bland was unable to return to his previous work because of his exertional and nonexertional limitations. The ALJ discredited the testimony in the record indicating that Bland's nonexertional impairments (pain and depression) were of sufficient severity to prevent all sustained work activity. However, after acknowledging the shift in the burden of proof to the Secretary the ALJ found that Bland's residual functional capacity for the full range of sedentary work was reduced somewhat by his nonexertional impairments.

The ALJ then concluded that Bland's combined exertional and nonexertional limitations would not prevent him from performing several jobs that were identified by the vocational expert at the supplemental hearing. Thus, the ALJ determined that Bland was not disabled.

## II. DISCUSSION

In reviewing a denial of social security benefits we are limited to assessing whether there is substantial evidence in the record as a whole to support the Secretary's decision. *Piercy v. Bowen*, 835 F.2d 190, 191 (8th Cir.1987).

Once a claimant has established an impairment that prevents him from returning to his previous work the burden shifts to the Secretary to show that the claimant can perform other work in the national economy. *Tucker v. Heckler*, 776 F.2d 793, 795 (8th Cir.1985). In order to meet this burden the Secretary may choose to rely exclusively on the medical vocational guidelines if claimant suffers solely from exertional impairments. *Id.* In the present case, the ALJ expressly noted the shift in the burden and the Secretary met this burden by resorting to vocational expert testimony.

We believe that the ALJ properly relied on the vocational expert testimony when he concluded that there were jobs in the national economy that Bland was capable of performing. Further, the ALJ's determination that Bland's depression would not prevent him from performing the jobs identified by the vocational expert is supported by substantial evidence. Dr. Kamath, the psychiatrist who evaluated Bland, opined that Bland's psychological condition did not impair his ability to relate to others and deal with work stresses. Although we recognize that there is some disagreement among the experts who examined Bland as to whether his psychological condition would prevent him from engaging in work-related activity, this does not require reversal. Reversal is not required even if this panel, after reviewing the record, determines that it would have granted benefits. The standard of appellate review is whether the decision of the *Secretary* is based on substantial evidence. The concept of substantial evidence is something less than the weight of the evidence and it allows for the possibility of drawing two inconsistent conclusions, thus it embodies a zone of choice within which the Secretary may decide to grant or deny benefits without being subject to reversal on appeal. *Cf. Metcalf v. Heckler*, 800 F.2d 793, 794 (8th Cir.1986). We do not believe that the Secretary's decision exceeded this deferential standard of review.

## III. CONCLUSION

On the facts of this case we believe the decision denying benefits is based on substantial evidence. The Secretary properly considered Bland's exertional and nonexertional impairments in determining that Bland is not disabled within the meaning of the Social Security Act.