James F. EICHINGER, Appellant,

v.

Otis R. BOWEN, Secretary of Health and Human Services, Appellee.

No. 88–5373.

United States Court of Appeals, Eighth Circuit.

Submitted May 10, 1989.

Decided June 30, 1989.

---

Stanley N. Zahorsky, Edina, Minn., for appellant.

Donna L. Calvert, Chicago, Ill., for appellee.

Before BEAM, Circuit Judge, MARKEY,* Chief Judge, and HENLEY, Senior Circuit Judge.

PER CURIAM.

James Eichinger appeals the district court's[1] order accepting the recommendation of the magistrate[2] to affirm the Secretary of Health and Human Services' denial of Eichinger's application for disability benefits under 42 U.S.C. §§ 416(i) & 423 and Supplemental Security Income (SSI) under 42 U.S.C. § 1383(a). We affirm.

Eichinger is forty-four years old and has a high school and junior college education. Eichinger was employed as a bartender from 1968 to July 9, 1976, when he broke his back and incurred brain damage as the result of a motorcycle accident. He was awarded a period of disability from that date to June, 1978. Eichinger filed a second application on March 13, 1981, which was denied and not pursued through administrative appeal.

On November 23, 1982 Eichinger filed this, his third, application alleging disability due to brain damage, and back and leg problems stemming from the motorcycle accident and a subsequent slip and fall. This application also was denied, but the Appeals Council remanded the case in light of *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir.1984) (subjective notions of pain are to be considered in determining disability) (subsequent history omitted). On remand, a new Administrative Law Judge (ALJ) again denied the application which denial was upheld by the Appeals Council; however, the district court, adopting the magistrate's recommendation, remanded the case to the Secretary for further consideration. The ALJ then admitted further evidence into the record, heard testimony from Eichinger, and heard testimony from a medical advisor, Dr. Robert Schneider, and from a vocational expert, Harold Hall.

Dr. Schneider testified, *inter alia*, that Eichinger, has been plagued by medical problems, both physical and mental, and does not live a normal life. Schneider added, however, that these limitations did not exist at a marked level. Dr. Schneider also testified that any deficiencies in concentration, persistence, or pace resulting from the mental impairments should be assessed at a less than frequent level. Finally, it was his opinion that when considering the claimant's physical and mental impairments in combination, they were not the equivalent of any listed impairment.

Hall testified that an individual with Eichinger's deficiencies could perform jobs

---

* The Honorable Howard T. Markey, Chief Judge, United States Court of Appeals for the Federal Circuit, sitting by designation.

1. The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota.

2. The Honorable Floyd E. Boline, United States Magistrate for the District of Minnesota.

such as that of a telephone solicitor, telephone order taker, and temporary help agency referral clerk. Hall testified that there were approximately 300 temporary referral clerk jobs, approximately 1000 telephone solicitor jobs, and several hundred telephone order taker jobs in the Twin Cities' area. Hall also indicated that more than 25% of these jobs can be performed at home.

Based upon the updated record the ALJ found that Eichinger's own claims of pain were exaggerated and that his treating and examining physicians could not substantiate his complaints of pain—several examiners reported that Eichinger had significant functional overlay. Nevertheless, the ALJ found that Eichinger established that he could not perform his past work as a bartender and thus, shifted the burden of proof to the Secretary to show that he could engage in substantial gainful activity. The ALJ determined that the Secretary met this burden through the testimony of the vocational expert.

The ALJ concluded:

The claimant has the residual functional capacity to perform the physical exertion and nonexertional requirements of work except for work which is not routine, repetitive, one, two, or three-steps, which involves lifting more than ten pounds occasionally, walking more than three to four blocks at a time, standing more than 20 minutes at a time, sitting more than 45 minutes at a time, frequent bending, stooping or twisting, use of peripheral vision on the left, eye work at unprotected heights or near moving machinery, sustained concentration or performance of work tasks throughout the day because of automatic movements and tremor occurring for brief periods of time several times a day, or requiring more than brief and infrequent contacts with

co-workers or supervisors (20 CFR 404.-1545 and 416.945).

■■■ Eichinger argues that the ALJ erred in that the record supports a finding of a mental impairment. Specifically, Eichinger argues that the ALJ erred in relying on Schneider's testimony because, *inter alia,* Schneider was not able to distinguish between "often" and "frequent".[3]

Our review is limited to determining whether the ALJ's findings are based upon substantial evidence on the record as a whole taking into account "whatever in the record fairly detracts from its weight." *Gavin v. Heckler,* 811 F.2d 1195, 1199 (8th Cir.1987) (quoting *Universal Camera Corp. v. NLRB,* 340 U.S. 474, 488, 71 S.Ct. 456, 464, 95 L.Ed. 456 (1951)). We note that this standard assumes that two inconsistent conclusions could be drawn from the evidence. *Bland v. Bowen,* 861 F.2d 533, 535 (8th Cir.1988) (per curiam).

While Dr. Schneider could not well define the terms "often" and "frequent," *see* 20 C.F.R. §§ 404.1520a(b)(3), 416.920a(b)(3), his testimony shows that he understood the level of severity required to show level deficiencies in concentration, persistence, and pace. Here the evidence shows that on work testing, Eichinger was able to maintain his concentration.[4]

■■■ Last, we note that the ALJ, in evaluating Eichinger's subjective complaints of pain, properly considered Eichinger's daily activities; frequency and intensity of pain; precipitating and aggravating factors, dosage, effectiveness, and side effects of medications; and functional restrictions. *See Polaski,* 739 F.2d at 1322.

While the arguments of appellant have some force, viewing the record as a whole we find that there is substantial evidence

---

**3.** To establish listing level severity, a claimant must document frequent episodes of deficiencies of concentration, persistence, and pace. 20 C.F.R. Part 404, Subpart P, Appendix 1, § 12.00(C)(3).

**4.** We note that the CFR does not provide a definition distinguishing the two terms. How-

ever, *Webster's Third New International Dictionary* 1568, 909 (1971) defines "often" as "frequent," and "frequent" as "often." Eichinger has not offered a distinction and finding that Dr. Schneider clearly understood frequent to mean occurring with some regularity, we decline to divine one.

to support the Secretary's decision, and thus we affirm.