**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

GEORGE LAWRENCE FITZGERALD,
Plaintiff-Appellant,

v.

No. 98-1218

KENNETH S. APFEL, COMMISSIONER OF
SOCIAL SECURITY,
Defendant-Appellee.

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
 Graham C. Mullen, District Judge.
(CA-96-525-MU)

Submitted: October 20, 1998

Decided: November 13, 1998

Before NIEMEYER, LUTTIG, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

George L. Fitzgerald, Charlotte, North Carolina, for Appellant. Mark
T. Calloway, United States Attorney, Joseph L. Brinkley, Assistant
United States Attorney, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

George L. Fitzgerald appeals from the district court's order adopting the report and recommendation of a magistrate judge and granting summary judgment to the Commissioner of Social Security ("Commissioner") in Fitzgerald's civil action for retirement benefits. Because substantial evidence supports the denial of benefits, we affirm.

Fitzgerald, born July 8, 1926, attained the age of 65 in 1991. He is a licensed attorney who has been engaged in the practice of law in North Carolina since 1955. In May 1991, Fitzgerald applied for retirement benefits. Although found eligible, no benefits were paid because Fitzgerald's continued employment resulted in excess earnings.

In September 1991, Fitzgerald incorporated his solo law practice, designating himself as the corporation's president, treasurer and sole shareholder and legal assistant as secretary. On November 5, 1991, Fitzgerald informed the Social Security Administration ("SSA") that he wanted his retirement checks to be issued monthly starting in January 1992, because his income for that year from his self-employment would be less than the $8840 limit.

Fitzgerald began doing business under this new corporate structure on January 1, 1992, and reported the corporation's existence to the SSA in February 1992, indicating that no other attorneys were employed by the corporation and that he would continue doing all of the work for a salary of $850 a month. Corporate tax returns established that the corporation grossed $202,507 in 1992 and $213,264 in 1993. The SSA informed Fitzgerald that for earnings test purposes, he would be charged with his salary plus the ordinary income of his corporation. On Fitzgerald's request for reconsideration, the SSA upheld its initial determination denying benefits.

During the requested administrative hearing, Fitzgerald testified that he incorporated his law practice after his 65th birthday and set his salary below the allowed income limit in order to receive social

2

security retirement benefits. Accordingly, the amount of his salary bears no relation to the value of his services. Fitzgerald further testified that although currently able to declare corporate dividends, he intends not to distribute any dividends, but to retain all profits and pay out the lump sum upon attaining his 71st birthday. After the hearing, the ALJ determined that Fitzgerald was not entitled to retirement benefits. Though the Appeals Council granted Fitzgerald's petition for review, it determined that Fitzgerald had no right to a hearing before an ALJ because the suspension of benefits is not an initial determination that is subject to the administrative review process.

Subsequently, the SSA informed Fitzgerald that he had excess earnings for 1992, 1993, and 1994. This determination was upheld on reconsideration. On December 13, 1995, the ALJ found that Fitzgerald was not entitled to retirement benefits based on the amount of his earnings. The Appeals Council denied Fitzgerald's request for review, and the ALJ's decision became the final decision of the Commissioner. Fitzgerald then filed a civil action in the district court. Both Fitzgerald and the Commissioner filed summary judgment motions. The district court accepted the magistrate judge's recommendation and granted the Commissioner's motion for summary judgment on the basis that substantial evidence supported the Commissioner's decision to deny benefits.

On appeal, Fitzgerald contends that the Commissioner lacked authority to reallocate undistributed corporate profits as his personal wages for the purpose of computing excess earnings under 42 U.S.C.A. § 403 (West Supp. 1998), relying on Taubenfeld v. Bowen, 685 F. Supp. 237, 240-41 (S.D. Fla. 1988). We disagree.

We review the Commissioner's final decision to determine whether it is supported by substantial evidence and whether the correct law was applied.[1] Substantial evidence is "`such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"[2] As the presiding officer at the administrative hearing, the ALJ makes

---

[1] See 42 U.S.C.A. § 405(g) (West Supp. 1998); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).
[2] Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).

3

factual determinations and resolves evidentiary conflicts. We, as the reviewing court, do not re-weigh evidence, make credibility determinations, or substitute our judgment for that of the Commissioner.[3]

Qualified applicants who are eligible for retirement benefits are not allowed to work or engage in self-employment that results in a yearly income that exceeds a specified amount.[4] The applicant has the burden of rebutting the presumption of excess earnings. [5] The Commissioner has the authority to examine the substance of business transactions rather than its form and has the duty to pierce any fictitious arrangements designed to shift salary payments.[6] The Commissioner's determination of an applicant's earnings"must be related to the reality of his connection with the labor market and cannot be based on paper allocation of income."[7]

We find that substantial evidence supports the Commissioner's decision and that the ALJ applied the correct law. Fitzgerald had not retired from the practice of law nor had he relinquished any of the major managerial responsibilities of the corporation.[8] There was no decrease in his work activities. He worked the same number of hours, earning the same rate of income for himself and the corporation while drawing a disproportionately small salary that bore no relation to his connection with the labor market.[9] He hired no other attorney to take

---

[3] **See Smith v. Chater**, 99 F.3d 635, 638 (4th Cir. 1996); <u>Hays</u>, 907 F.2d at 1456.

[4] **See** 42 U.S.C.A. §§ 402(a), 403(f) (West Supp. 1998).

[5] **See Johnson v. Chater**, 127 F.3d 756, 758-59 (8th Cir. 1997) (citing <u>Martin v. Sullivan</u>, 894 F.2d 1520, 1531-32 (11th Cir. 1990)).

[6] **See Heer v. Secretary of Health & Human Servs.**, 670 F.2d 653, 655 (6th Cir. 1982).

[7] **Martin**, 894 F.2d at 1534.

[8] **See Perez v. Secretary of Health, Educ. & Welfare**, 353 F. Supp. 1282 (D.P.R. 1972) (outlining criteria to determine if retirement has occurred, which include amount of work actually performed after retirement and whether another employee was hired to perform work no longer done by retiree).

[9] Fitzgerald admitted that his salary was structured below the allowable earnings to maximize his eligibility for retirement benefits.

4

on any additional responsibilities. He retained complete decision-making authority of the corporation as its president, treasurer, and sole shareholder. Thus, we find sufficient evidence supports the Commissioner's determination that Fitzgerald had not retired and was therefore not entitled to retirement benefits.

Fitzgerald's reliance on Taubenfeld is misplaced. In Taubenfeld, while the duties of other family members within the retail clothing corporation increased, the applicant curtailed his work hours, reduced his salary, and resigned as president of the corporation.[10] The court found that although Taubenfeld was retired, he continued to contribute substantial services to the corporation. Yet, the corporation's undistributed earnings could not be allocated to its retired president because there was no evidence that the corporation was other than bona fide; there was no intermingling of corporate and personal funds, nor did Taubenfeld endeavor to run the corporation as a sole proprietorship.[11]

We cannot, however, reach a similar conclusion in this appeal. Fitzgerald was not retired. He continued to contribute substantial services to the corporation and ran the business as if it were a sole proprietorship. Although there was no evidence of commingled funds, we find sufficient evidence supports the Commissioner's determination that Fitzgerald's corporation was not bona fide. Accordingly, the Commissioner's decision to pierce this fictitious salary arrangement and allocate the corporate earnings to Fitzgerald personally was also supported by substantial evidence.

We therefore affirm the district court's order granting the Commissioner's summary judgment motion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

_____

[10] **See Taubenfeld**, 685 F. Supp. at 239.

[11] **See Taubenfeld**, 685 F. Supp. at 240.

5